### DWIGHT and others v. SMITH and others.

*(Circuit Court, D. Vermont. October Term, 1881.)*

1. MORTGAGE BONDHOLDERS — TRANSFEREES — PERSONAL CLAIMS AGAINST THE TRUSTEES.

Personal claims, by holders of mortgage bonds, against trustees in the mortgage on account of the bonds, do not pass to persons subsequently acquiring such bonds, unless by an agreement to that effect.

In Equity.

*Francis A. Brooks* and *William G. Shaw,* for orators.

*Benjamin F. Fifield* and *Daniel Roberts,* for defendants.

WHEELER, D. J. This cause has been heard upon a demurrer to the bill of complaint for want of equity in favor of the orators, generally, and for want of sufficient definiteness in stating the grounds for the relief claimed. The bill alone is to be looked at in determining the questions so raised. According to the bill the orators are now holders of the first-mortgage bonds to a large amount, but when they became such holders is not shown. Some of the defendants are trustees in that mortgage; others are the representatives of a trustee, deceased; another defendant is the Central Vermont Railroad Company, alleged to be in possession of the mortgaged property; others are directors in the latter corporation. The trustees have both neglected and violated their duty to the first-mortgage bondholders, while in possession of the mortgaged property, in not accounting to them for moneys received by them as trustees for them, and in delivering the property to the Central Vermont Railroad Company against their rights and expressed wishes. And the Central Vermont Railroad Company has received the income of the mortgaged property and not accounted for it; and its directors, made defendants, have participated in that act.

If the trustees received income from the mortgaged property belonging to the bondholders and to be distributed to them, the

money would belong and be distributed to the persons who were at that time bondholders, and the right to it would not pass to persons subsequently acquiring the bonds, unless they expressly acquired the right to it also. The claims of the bondholders against the trustees would not be upon the bonds themselves, like the claims against the obligors in the bonds, although they would be on account of the bonds, but would be claims against the trustees personally for the moneys received to the use of the bondholders, and these claims would not be assignable at law, although they might be in equity. In a suit or proceeding upon the bonds themselves, the production of the bonds and coupons, or the allegation of their ownership, might import that the holder had held them at the time of the accruing of the interest incidental to the debt, and entitle him to recover for the whole; but not so as to a claim not upon the bonds, but for money received to the use of the bondholders. The production of the bonds would not make out a cause of action or claim for relief on account of that money. More would have to be shown, and enough more to make out a cause of action or ground for relief, and that would include showing a right to the money at the time it was received. The orators fall short of showing such right. And if the orators had been holders of the bonds ever after they were issued, and had so shown in their bill, it would be incumbent on them to show that their trustees, or those holding the property in place of the trustees, did receive money belonging to them, or did so conduct themselves with the property as to make themselves accountable for money as if they had received it. The bill does not allege that the trustees received any money belonging to the bondholders prior to their appointment as receivers, nor that while they were in fact receivers they received anything more than enough to pay the Vermont & Canada rent, which was to be first paid; nor that they ceased to be receivers in fact until the making of the compromise agreement, nor then otherwise than by the force of that agreement. That agreement is annexed to the bill and made a part of it. The bill does not show that the orators are not bound and willing to stand upon that agreement. If they are, then, as to them, the income raised afterwards was to be distributed according to that agreement. Some of, that income was to go to the Vermont & Canada Railroad Company for rent; how much, does not appear. A gross amount of income for a term of years is stated; but whether that amount was greater than the amount of rent to be first paid is not shown or stated. The same

would be true if the compromise agreement was not binding upon them. The amount to be paid before anything would remain to apply on these bonds would not appear, and consequently whether anything would be left to go to the bondholders would not in either case appear. The bill should show definitely and distinctly, not merely a right in somebody to equitable relief, but a right in the orators to equitable relief against the defendants.

The demurrer is sustained.